[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2011
JOHN LEY
CLERK

No. 10-14373
Non-Argument Calendar

_____

D.C. Docket No. 0:10-cr-60119-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN KEITH CORY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 30, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jonathan Cory pled guilty of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to prison term of 18 months. He appeals his sentence, presenting one issue: whether his sentence is substantively unreasonable. *See* under *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005) (the question on appeal of a sentence is whether the sentence is "unreasonable.") We find that it is not unreasonable and therefore affirm.

Cory's sentence is at the bottom of the sentence range, 18 to 24 months, prescribed by the Sentencing Guidelines. He argues that his sentence is nonetheless substantively unreasonable because the nature and circumstances of the offense and his personal history—a traumatic home life—and mental impairment warranted a downward variance. Moreover, since his criminal history does not indicate a need for his incarceration to protect the public, the sentence he received is greater than necessary to achieve the sentencing purposes of 18 U.S.C. § 3553(a).

Whether a sentence is reasonable is guided by the sentencing factors set out in 18 U.S.C. § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 188-89. Those factors include:

1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (citing to 18 U.S.C. § 3553(a). "[T]he weight given to any § 3553(a) factor is within the sound discretion of the district court and we will not substitute our judgment in weighing the relevant factors." *United States v. Irey*, 612 F.3d 1160, 1248 (11th Cir.) (*en banc*). A sentence is substantively reasonable if, under the totality of the circumstances, it achieves the sentencing purposes of § 3553(a). *Pugh*, 515 F.3d at 1191.

Cory has not shown that the sentence he received is substantively unreasonable. It is at the low-end of the Guidelines sentence range, and well below the statutory maximum sentence for the crime he committed, 20 years' imprisonment. The district court explained its rationale in sentencing Cory to 18 months' imprisonment, expressly stating that it had considered all of the aggravating and mitigating factors, including the quantity and value of the cocaine

3

smuggled in on his person, as well as his lack of equity interest in the cocaine. The court also stated that it had considered the testimony presented by the expert psychologist who testified on Cory's behalf and taken into account Cory's mental impairment.

AFFIRMED.